UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **2:26-cv-05597-SVW-MBK** | Date | May 28, 2026 |
|---|---|---|---|
| Title | Miriam Maldonado v. Shakuntala Patel | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|

| Daniel Tamayo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: N/A | Attorneys Present for Defendants: N/A |
|---|---|

**Proceedings:**     ORDER TO SHOW CAUSE AND ORDER FOR JOINT STATUS REPORT

It is the policy of this Court to encourage expedient resolution of civil litigation.   *Cf.* Fed. R. Civ. P. 1 (noting that rules of civil procedure should be construed to "secure the just, speedy, and inexpensive determination of every action and proceeding").

In accordance with that policy, the Court reminds the parties that "a defendant's voluntary removal of alleged barriers prior to trial can have the effect of mooting a plaintiff's ADA claim." *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011).   If the defendant in an ADA case removes the alleged barriers and demonstrates that the alleged barriers could not reasonably be expected to arise again, the ADA claim may be dismissed.   *See id.*; *see also Am. Cargo Transp., Inc. v. United States*, 625 F.3d 1176, 1179 (9th Cir. 2010).

This is true even if a plaintiff pleads nominal damages, because nominal damages are not available under Title III of the ADA.   *See Hillesheim v. Holiday Stationstores, Inc.*, 953 F.3d 1059, 1062 (8th Cir. 2020); *G. v. Fay Sch.*, 931 F.3d 1, 11 (1st Cir. 2019); *Brooke v. A-Ventures, LLC*, 2017 WL 5624941, at *5 (D. Ariz. Nov. 22, 2017).

If an ADA claim is mooted and dismissed at an early stage, the Court has the discretion to decline supplemental jurisdiction over state law claims.   *See Oliver*, 654 F.3d at 911 (finding no abuse of discretion where district court declined supplemental jurisdiction after ADA claims were moot).

Additionally, if an ADA claim is mooted and dismissed, the plaintiff is not entitled to attorney's fees.   *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dept. of Health & Human Resources*, 532 U.S. 598 (2001) (affirming denial of attorney's fees where ADA claim rendered moot prior to trial); *see also Molski v. Foster Freeze Paso Robles*, 267 Fed.Appx. 631, 632 (9th Cir. 2008) (citing *Buckhannon*, 532

|  | : |
|---|---|
| Initials of Preparer | dta |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **2:26-cv-05597-SVW-MBK** | Date | May 28, 2026 |
|---|---|---|---|
| Title | Miriam Maldonado v. Shakuntala Patel | | |

U.S. at 605) (affirming district court's order dismissing ADA claims as moot, dismissing supplemental state claims, and denying attorney's fees).

**In light of the foregoing, the parties are ORDERED to issue a joint status report at least 7 days prior to the initial status conference.** In that status report, Defendant should describe the measures it has taken to investigate and/or remedy the alleged barriers. If Defendant implemented remedial measures, Plaintiff should state their position regarding those measures. Both parties should state whether and when they intend to move for summary judgment.

Further, it appears that Plaintiff has invoked the Court's supplemental jurisdiction to assert state law claims. *See* 28 U.S.C. § 1367(a). The supplemental jurisdiction statute "reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, 'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (emphasis added) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). **The Court therefore further ORDERS Plaintiff to show cause** in writing why the Court should exercise supplemental jurisdiction over the Unruh Act claim and any other state law claim asserted in the Complaint. See 28 U.S.C. § 1367(c).

In responding to this Order to Show Cause, Plaintiff shall identify the amount of statutory damages plaintiff seeks to recover. **Plaintiff and Plaintiff's counsel shall also support their responses to the Order to Show Cause with declarations, signed under penalty of perjury, providing all facts necessary for the Court to determine if they satisfy the definition of a "high-frequency litigant"** as provided by California Civil Procedure Code sections 425.55(b)(1) & (2).

**Plaintiff shall file a Response to this Order to Show Cause within 14 days of this order**. Failure to timely or adequately respond to this Order to Show Cause may, without further warning, result in the dismissal of the entire action without prejudice or the Court declining to exercise supplemental jurisdiction over the state law claims and the dismissal of any such claims pursuant to 28 U.S.C. § 1367(c).

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | dta |